UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 13-02931(DSD/JJG)

Erin Bond and John Bond,

    Plaintiffs,

v.                                   **ORDER**

USAA Federal Savings Bank,

    Defendant.

    Thomas J. Lyons, Jr. Esq., Consumer Justice Center P.A., 367 Commerce Court, Vadnais Heights, MN 55127, counsel for plaintiffs.

    Garth G. Gavenda, Esq. and Anastasi Jellum, PA, 14985 North 60th Street, Stillwater, MN 55082, counsel for defendant.

This matter is before the court upon the motion by plaintiffs Erin Bond and John Bond to dismiss the counterclaim for attorneys' fees by defendant USAA Federal Savings Bank (USAA). Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion.

**BACKGROUND**

This consumer-protection dispute arises out of an October 2013 electronic funds transfer by USAA. At the time of the transfer, the Bonds maintained an account with USAA to make payments toward a vehicle loan. Compl. ¶ 14. The Bonds authorized USAA to periodically transfer $100 from their personal bank account to the loan account. Id. ¶ 16. On October 11, 2013, USAA mistakenly

transferred $1,000 to the account. Id. ¶ 22. The funds were returned to the personal bank account on October 17, 2013. Id. ¶ 50.

On October 24, 2013, the Bonds filed a complaint alleging (1) violations of the Electronic Fund Transfer Act (EFTA) and (2) conversion. USAA answered and counterclaimed on November 15, 2013, seeking attorneys' fees under 15 U.S.C. § 1693m(f). Specifically, USAA alleges that the original action was brought in bad faith or for purposes of harassment. The Bonds move to dismiss the counterclaim.

## DISCUSSION

**I.   Standard of Review**

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citations and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to

relief above the speculative level.  See Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim.  Iqbal, 129 S. Ct. at 1949 (citation and internal quotation marks omitted).

**II.  Attorneys' Fees Under EFTA**

Under the EFTA, the court shall award reasonable attorneys' fees and costs to a defendant "[o]n a finding by the court that an unsuccessful [EFTA] action ... was brought in bad faith or for purposes of harassment."  15 U.S.C. § 1693m(f).  The Bonds argue that dismissal is warranted because § 1693m(f) allows fees only by motion after the underlying EFTA claim is resolved on the merits. USAA responds that § 1693m(f) allows fees to be sought either by motion or counterclaim.  The court disagrees.

The Eighth Circuit is silent as to the proper vehicle for seeking attorneys' fees under § 1693m(f).  In general, however, a claim for attorneys' fees "must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages."  Fed. R. Civ. P. 54(d)(2)(A).  Here, USAA argues that the presence of bad faith or harassment is a fact issue to be determined by a jury.  The relevant section, however, specifically awards fees upon "a finding by the court."  15 U.S.C. § 1693m(f).  Moreover, the statute provides for fees only in the event of an "unsuccessful action."  Id.  Such language - focusing on the merits and ultimate disposition of the case - demonstrates

3

that the requested relief is not properly before the court via a counterclaim.

Although no court has addressed whether fees under § 1693m(f) may be sought by counterclaim, such a conclusion comports with the few courts that have discussed the proper vehicle for § 1693m(f) relief. Cf., e.g., Drager v. Bridgeview Bank, No. 1:10-cv-7585, 2011 WL 2415244, at *6 (N.D. Ill. June 13, 2011) (striking affirmative defense of bad faith in EFTA action and noting "[s]hould [d]efendants win this lawsuit, they may move for attorneys['] fees under" § 1693m(f)). Moreover, the majority of courts construing a comparable provision of the Fair Debt Collection Practices Act (FDCPA)[1] find that a motion is the proper vehicle for seeking attorneys' fees. See Kirscher v. Messerli & Kramer, P.A., No. 05-1901, 2006 WL 145162, at *6-7 (D. Minn. Jan. 18, 2006); see also, e.g., Kropf v. TCA, Inc., 752 F. Supp. 2d 797, 800 (E.D. Mich. 2010) (collecting cases). The court finds the reasoning of those courts persuasive, and holds that the proper method for seeking attorneys' fees under § 1693m(f) is by motion after a resolution on the merits of the underlying EFTA claim. As

---

[1] The FDCPA's fee provision, 15 U.S.C. § 1692k(a)(3), provides that "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs."

4

a result, dismissal of the counterclaim is warranted. Such dismissal does not affect USAA's ability to move for attorneys' fees at an appropriate time.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that plaintiffs' motion to dismiss the counterclaim [ECF No. 8] is granted.

Dated:  April 10, 2014

                                          <u>s/David S. Doty</u>
                                          David S. Doty, Judge
                                          United States District Court